HENRY LAUER AND OTHERS, APPELLANTS, *v.* RICHMOND CO-OPERATIVE MERCANTILE INSTITUTION, RESPONDENT.

8   305
21   119

PLEADING.—STATUTE OF FRAUDS.—SALE.—Where plaintiffs alleged a contract of sale of goods, the answer admitted the contract without alleging its invalidity under the statute of frauds, but pleaded as the only defense, non-fulfillment of the contract; *held* that on the trial defendant could not object to the contract that it was oral and within the statute of frauds, but *quære* if the contract was admitted, why prove it?

SALE.—ACCEPTANCE OF GOODS.—REASONABLE TIME TO REFUSE.— Where the goods were received on August 19, 1889, and defendant refused the goods on October 21, 1889, after having held them for the intervening period; *held* that it was a question for the jury to determine whether or not the defendant declined the goods within a reasonable time or by failure to do so, accepted them.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

17

*Messrs. Evans and Rogers,* for the appellants.

*Messrs. Kimball and Allison,* for the respondent.

BLACKBURN, J.:

This is a suit brought on a merchant's account for goods sold and delivered. The complaint alleges that the defendant is indebted to the plaintiffs in the sum of $1,734.25, with interest thereon from the 1st day of March, 1890, at the rate of six per cent. per annum, upon an account for merchandise sold and delivered by the plaintiffs to the defendant at its request, at Cincinnati, Ohio, in the month of June, 1889, and that the same became due and payable on the 1st day of March, 1890; but the defendant has not paid the same, or any part thereof, except that in a certain action *in rem* by the plaintiffs against the defendant in the Superior court in Cincinnati, county of Hamilton, state of Ohio, brought upon said account, being the same subject-matter as this action, certain property of this defendant was attached, and a certain judgment *in rem* was duly made and rendered, in said Superior court, on the 2d day of June, 1890, against the defendant and in favor of the plaintiffs, in the sum of $1,760; and the said property, attached as aforesaid, was duly sold under said judgment; and the amount realized on said sale, after paying all costs in that action *in rem,* was $473.76, which said sum was applied on said judgment, and is a proper credit to be allowed in this action upon said account, and is allowed as such thereon, leaving a balance due thereon from said defendant to said plaintiffs of $1,286.57, etc. And plaintiffs ask judgment, etc. Defendant answers: (1) It denies that it is indebted to plaintiffs in the sum of $1,734.25 or any sum of money whatever; (2) denies any proceedings in the action *in rem* in said Superior court at Cincinnati, county of Hamilton, in the state of Ohio. Further answering said

complaint, defendant says that in the month of June or July, 1889, plaintiffs agreed to ship to defendant certain goods from Cincinnati, Ohio, amounting to about the sum of $1,734.25, in good order and condition, and to be of good quality; that in August or September, 1889, some of said goods arrived in Richmond, Cache county, Utah, but not more than half of the same, as defendant is informed and believes, and that those that did arrive were not well packed and put in boxes or otherwise, not properly boxed for shipping, and were of inferior quality, and not according to contract; that, by reason of the poor packing of said goods, some were lost and others were spoiled, and they were inferior at the start; that defendant never accepted said goods, and, on the contrary, immediately notified the plaintiffs that it would not accept them, and forwarded said goods, which had reached Richmond, Utah, back to the plaintiffs at Cincinnati. Wherefore defendant asks judgment that the plaintiffs take nothing by their contract, etc. A trial was had; a verdict for the defendant. Plaintiffs moved for a new trial, the motion was overruled, and the plaintiffs appeal both from the overruling of the motion and the judgment.

The plaintiffs' evidence shows that they shipped the goods of the value mentioned in the complaint at Cincinnati, Ohio, to the defendant at Richmond, Utah, on August 10, 1889. On September 28, 1889, plaintiffs received a letter from the defendant stating that goods had arrived, and were in damaged condition, and a part of them was missing; and on October 21, 1889, plaintiffs received another letter from defendant, stating it would hold the goods, being a part of the goods mentioned in the bill of items theretofore sent by the plaintiffs to the defendant, subject to plaintiffs' orders, and afterwards returned them, and the plaintiffs attached them. That plaintiffs then offered to prove by a witness that defendant made a parol order for the goods shipped from the

plaintiffs, and that the goods were shipped from the plaintiffs through an agent of the plaintiffs, and that the goods were selected, packed and shipped in pursuance of said order, to which the defendant objected, because such order was void under the statute of frauds of the Territory. The court sustained the objection, and the plaintiffs excepted, and the plaintiffs rested, and the court instructed the jury to find for the defendant, to which instruction the plaintiffs excepted.

Many errors are assigned, but we only consider it necessary to notice one, for the case hinges upon that; for, if the court was right in that, the other claimed errors follow logically from that, and were not errors at all, but were right rulings. The plaintiffs claim that the court erred in refusing to let the testimony in reference to the parol order for the goods go to the jury. It will be noted that the defendant admits the contract for the shipping of the goods, but defends on the ground that the goods were not shipped in accordance with the order, and they were damaged goods when shipped, etc.; and does not plead the statute of frauds, or claim at all that the contract was void under the statute of frauds.

We think this error is well assigned, and the testimony ought to have gone to the jury for two reasons:

(1) That defendant, having admitted the contract, and alleged its nonfulfillment as its only defense, was not in condition to avail itself of the statute. The general rule is that the statute of frauds, in order to avail as a defense, must be pleaded. However, on this subject there are conflicting decisions. Wood on the Statute of Frauds (on page 877) says: "But, if the making of the agreement is admitted by the answer, the defendant must in such answer insist that it was not in writing, and therefore not binding upon him."

(2) A parol contract for the sale of goods is not void, under the statute of frauds, when the buyer accepts or

receives a part of the goods. 2 Comp. Laws Utah, p. 154. There was some evidence in the case tending to show that defendant had received and accepted a part of the goods. It received a part of the goods on or before September 28, 1889, and held them until October 21, 1889, before notifying the plaintiffs that it would refuse them. It is the duty of the purchaser of goods on their receipt, if he refuses to accept them, to notify the seller in a reasonable time of their nonacceptance; and what is a reasonable time is a question for the jury, under all the facts of each particular case; and it was a question of fact that ought to have been submitted to the jury whether or not the defendant had accepted a part of the goods, and, if it had, then the testimony of a parol order for the goods was competent, and the statute of frauds had no application. We think this case ought to be reversed and remanded. It is reversed, with costs, and remanded, and a *venire de novo* awarded.

ZANE, C. J., concurred.